UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL GUERRA-TAPIA,<br><br>  Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | Civil No. 10cv1333 JAH<br>Crim. No. 10cr0090 JAH<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**<br>**[ Doc. No. 25]**<br><br>[28 U.S.C. § 2255] |

### INTRODUCTION

Petitioner Joel Guerra-Tapia ("Petitioner") has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Respondent United States of America ("Respondent") has filed a response to the motion and Petitioner filed a reply. After a thorough review of the record, including the submissions of the parties along with supporting exhibits, and for the reasons set forth below, this Court **DENIES** Petitioner's motion.

### BACKGROUND

On February 9, 2010, Petitioner pled guilty, pursuant to a plea agreement, to one misdemeanor count and one felony count of illegal entry in violation of 28 U.S.C. § 1325. Doc. No. 17 at 1. On February 22, 2010, Petitioner was sentenced to six months in custody on the misdemeanor count and twenty-four months in custody on the felony count, to be served concurrently, followed by supervised release. Doc. No. 24 at 2-3. Petitioner filed the instant motion to vacate or correct his sentence pursuant to 28 U.S.C.

§ 2255 on June 6, 2010.  Doc. No. 25.  Respondent filed its response on July 16, 2010. Doc. No. 28.  Petitioner's reply was filed on August 19, 2010. Doc. No. 29.

## DISCUSSION

Petitioner, by way of the instant motion, seeks a modification of his sentence imposed by this Court on February 22, 2010.  See Doc. No. 25.  In his motion, Petitioner contends he was afforded ineffective assistance of counsel based on counsel's alleged failure to argue for a sentence variance due to Petitioner's cultural assimilation.  See Doc. No. 25 at 4-5.  Respondent contends that the instant motion should be dismissed because Petitioner waived his right to appeal and to collaterally attack his conviction sentence.  See Doc. No. 28 at 4-6. Respondent further contends that Petitioner's ineffective assistance of counsel claim fails.  See Doc. No. 28 at 6-8.

As part of his plea agreement, Petitioner waived both the right to appeal and the right to collaterally attack his conviction and sentence.  See Doc. No. 17 at 3.  A knowing and voluntary waiver of a statutory right is enforceable.  United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir. 1990).  The right to collaterally attack a sentence under § 2255 is statutory in nature, and a defendant may therefore waive the right to file a § 2255 petition.  See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (by entering into a plea agreement and waiving right to appeal sentencing issues, defendant relinquished his right to seek collateral relief from his sentence on the ground of newly discovered exculpatory evidence).

The scope of a § 2255 waiver may be subject to potential limitations.  For example, a defendant's waiver will not bar an appeal if the trial court did not satisfy certain requirements under Rule 11 of the Federal Rules of Criminal Procedure to ensure that the waiver was knowingly and voluntarily made.  Navarro-Botello, 912 F.2d at 321.  Such a waiver might also be ineffective where the sentence imposed is not in accordance with the negotiated agreement, or if the sentence imposed violates the law.  Id.; United States v. Littlefield, 105 F.3d 527, 528 (9th Cir. 1996).  A waiver of the right to collaterally attack a petitioner's sentence may be "unenforceable" and may not "categorically foreclose" a

petitioner from bringing § 2255 proceedings where the petitioner claims ineffective assistance of counsel challenging the voluntariness of the waiver. Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005); Abarca, 985 F.2d at 1014; see also United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1992).

Petitioner challenges his conviction and sentence solely on grounds of ineffective assistance of counsel. See Doc. No. 25 at 4-5. Specifically, Petitioner maintains that his counsel was ineffective because he did not argue for a sentence departure based on Petitioner's cultural assimilation. See Doc. No. 25 at 4-5. Petitioner does not challenge the voluntariness of the waiver as part of his ineffective assistance of counsel claim. See Doc. No. 25. Therefore, Petitioner's claim does not fall under the § 2255 limitation for ineffective assistance of counsel based on challenges to the voluntariness of the waiver and no other limitation applies. See Lampert, 422 F.3d at 871.

## CONCLUSION AND ORDER

This Court finds that none of the recognized limitations to Petitioner's waiver of the right to bring a § 2255 motion are present in this case. Therefore, the collateral attack waiver provision in petitioner's plea agreement will be enforced. Accordingly, **IT IS HEREBY ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence [Doc. No. 25] is **DENIED**.

DATED: October 8, 2010

JOHN A. HOUSTON
United States District Judge